IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Earl Kostrow | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. |
| vs. | : | |
| | : | |
| | : | |
| Vision Financial Corporation | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## COMPLAINT

### COUNT I

1. Jurisdiction for this action is asserted pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq, particularly 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1337. All wrongful acts complained of occurred in this judicial district.

2. Plaintiff in this action is Earl Kostrow who has a mailing address of 100 Old York Road, 2-260, P.O. Box 1070, Jenkintown, Pennsylvania 19046.

3. Defendant in this action is Vision Financial Corporation, a New York Corporation with a mailing address of P.O. Box 900, Purchase, NY 10577-0900.

4. It is alleged that at all times relevant Defendant, Vision Financial Corporation acted as a "debt collector", the meaning of 15 U.S.C. Section 1692a(6) in that it has attempted to collect an alleged debt owed to MBNA America Bank, N.A. which alleged debt or debts were originally billed to Plaintiff and others similarly situated by MBNA America Bank, N.A.

5. That Plaintiff, Earl Kostrow, was first contacted by Defendant by a telephone call to his employer from Dolores Fra on or about May 6, 2008, and at least six (6) times thereafter by other collectors. Each time my client was contacted at work he told the collector he could not receive or make personal calls at work.

6. The obvious intent of this campaign was to harass Earl Kostrow and jeopardize his employment as a deliberate means of extracting payment of a disputed debt out of him. This conduct clearly violates Section 1692d of the Act.

      7.    That Plaintiff, Earl Kostrow kept getting unwanted and harassing phone calls at his work place despite clear requests that he not be contacted at work and where my client is a debt collector himself.  That these calls were of a degrading and harassing nature. These repeated calls were intended to embarrass Plaintiff at his employment.

      8.    That Defendant has violated 15 USC Section 1692c of the Act by deliberately calling Plaintiff at his place of employment which is a debt collection agency, knowing that the repeated phone calls to him would be noticed and observed by his supervisor and coworkers as debt collection calls directed to him and thereby embarrass him.

      9.    That Defendant has violated Section 1692d of the Act by harassing Plaintiff and embarrassing him at his employment as a deliberate means of extracting payment of a disputed debt out of him.

      10.    That Defendant has repeatedly violated Section 1692e (11) of the Act by failing to give the notice and warnings required by this Section in all communications to Plaintiff or his representative whether verbal or in writing.

      11.    That Defendant violated virtually all Sections of 1692c, 1692d, 1692e, and 1692f of the Act by the false statements in the various telephone messages.

      12.    That Plaintiff has had to retain counsel to protect his rights in this matter and seeks an award of attorney's fees and costs of litigation in addition to statutory and individual damages.

      13.    That on or about May 28, 2008 Plaintiff by his attorney sent a fax/letter to Defendant making a claim based on the unlawful collection tactics of its agents.  A true and correct copy of said letter which was received by Defendant is attached as Exhibit "A" and is incorporated herein by reference.

      14.    That despite receipt of the aforesaid fax/letter by Defendant on May 28, 2008, Defendant made an additional telephone call to Plaintiff at work in violation of § 1692c(a)(2) and §1692c(a)(3) on May 29, 2008.

      15.    That Plaintiff's counsel sent an additional violation fax/letter to Defendant dated May 29, 2008, a copy of which is attached as Exhibit "B" and is incorporated herein by reference.

      16.    That the initial collection letter was dated May 14, 2008 and was not mailed until at least May 16, 2008.  A true and correct copy of the initial collection letter is attached as Exhibit "C" and is incorporated herein by reference.

17. That Defendant's collection calls to Plaintiff started to be made more than five (5) days prior to the mailing of the initial collection letter in violation of §1692g(a) of the Act.

18. That Plaintiff has suffered considerable emotional distress, humiliation and embarrassment because of the unlawful collection activities of Defendant as set forth above for which compensation is sought.

WHEREFORE, Plaintiff requests that this Court enter judgment on his behalf and against Defendant and issue an Order:

(a) Awarding Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000.00) in which Defendant has violated the Fair Debt Collection Practices Act.

(b) Award counsel fees and costs of this litigation;

(c) Award Plaintiff damages for emotional distress and disruption of his employment relationships in an amount not less than $10,000.00.

(d) Award him such other relief as may be necessary and proper to secure his rights under the Federal Fair Debt Collection Practices Act.

s// John Shniper
Validation Signature
Code: JS2256
JOHN SHNIPER, ESQUIRE

July 2, 2008